UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

        Plaintiff,

Case No. 1:17-cv-142

Hon. Robert J. Jonker

v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, a former federal prisoner, filed this action in the United States District Court for the Eastern District of Michigan on February 18, 2015, under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 503 U.S. 388 (1971) against defendants United States of America (the "government") and Scott Kevin Dubois, D.D.S. ("Dr. Dubois"). *See* Compl. (ECF No. 1). After granting Dr. Dubois' motion for summary judgment, setting a scheduling order and extending discovery (*see* ECF Nos. 35, 36, and 40), that court granted the parties' stipulation to transfer the case to the Western District where plaintiff resides. *See* Stipulation and Order (ECF No. 41). This matter is now before the Court on the government's motion for summary judgment (ECF No. 57).

        **I.**    **Plaintiff's claim**

This is plaintiff's second lawsuit in which he claims that the Bureau of Prisons ("BOP") failed to provide adequate dental care. By way of background, plaintiff was incarcerated

at the Federal Correctional Facility in Elkton, Ohio ("FCI Elkton"), released, and later incarcerated at the Federal Correctional Facility in Milan, Michigan ("FCI Milan") for a supervised release violation. The government's brief set forth a summary of plaintiff's first malpractice action filed against the BOP for dental treatment at FCI Elkton:

> In August 2008, Mr. Edkins pleaded guilty in the U.S. District Court for the Western District of Michigan to income tax evasion in violation of 26 U.S.C. § 7201. (*U.S.A. v. Edkins*, 05-cr-00151, dkt. # 36.)  The Court sentenced him to 41 months of imprisonment and three years of supervised release. (*U.S.A. v. Edkins*, 05-cr-00151, dkt. # 52; Suydam Decl. ¶ 3 & Attach. 1, dkt. # 22-2, PageID.88 & PageID.91-96.)   Mr. Edkins served most of that term at FCI Elkton in Ohio. (Suydam Decl. ¶ 3 & Attach. 2, dkt. # 22-2, PageID.87 & PageID.97-98.)
>
> On his arrival at FCI Elkton, Mr. Edkins' dental screening showed his oral hygiene was poor, he was missing teeth, and he had multiple fillings. (Elkton Dental R., dkt. # 22-7, PageID.189-197.)   In November 2010, he had a tooth extracted. (*Id*. at PageID.195-197.) Mr. Edkins was released from FCI Elkton on March 17, 2011.  (Suydam Decl. Attach. 1, dkt. # 22-2, PageID.96; Suydam Decl. Attach. 2, dkt. # 22-2, PageID.98.)
>
> In November 2011, Mr. Edkins submitted an administrative tort claim to the Bureau of Prisons' Northeast Regional Office complaining of the dental care at FCI Elkton. (2011 Elkton Claim, dkt. # 22-3, PageID.120.)   He claimed that the Bureau of Prisons' ("BOP") neglect caused him pain and the loss of two teeth, prevented him from working, and would result in the loss of two more teeth in the near future. (*Id*. at PageID.120, 122-123.)   The BOP denied Mr. Edkins' administrative claim in May 2012 because his damages had been caused by pre-existing dental problems, and, while at FCI Elkton, he had received sufficient dental care. (2012 Elkton Denial, dkt. # 22-4, PageID.128.)
>
> In March 2013, Mr. Edkins filed suit in the Eastern District of Michigan, alleging that the dental staff at FCI Elkton had failed to timely examine or clean his teeth and thereby caused him pain, prevented him from working, and caused him to lose four teeth. (E.D. Mich. Case No. 13-11364, dkt. # 1, PageID.2.) The court dismissed the claim, and the Court of Appeals for the Sixth Circuit affirmed its judgment. (6th Cir. Ct. App. Case No. 14-1972.)

Government's Brief (ECF No. 58, PageID.409-410).

In deciding Dr. Dubois' motion for summary judgment, the Court summarized the relevant facts of the present lawsuit commencing with plaintiff's history at FCI Elkton:

> Edkins is a former inmate of the BOP. (*See* Compl., ECF #1 at 4, Pg. ID 4.) Edkins claims that when he began serving his sentence in 2009 at the Federal Correctional Institution in Elkton, Ohio ("Elkton"), he suffered from "chronic periodontal disease." (Compl., ECF #1 at 4, Pg. ID 4.) Edkins' medical records from Elkton show that R. Hingham, D.D.S. removed one of Edkins' teeth in November 2010 because it was "hopelessly periodontally involved." (ECF #22-2 at 7, Pg. ID 195.) A few months later, in March 2011, Ekdins [sic] was released from Elkton on supervised release. (*See* ECF #22-2 at 2, Pg. ID 88.)
>
> While Edkins was on release, he sought dental treatment from M. VanderLaan, D.D.S. ("Dr. VanderLaan"), a private dentist with the Cherry Street Dental Clinic. (*See* ECF #22-3 at 3, Pg. ID 122.) Dr. VanderLaan noted that Edkins "may benefit from seeing a periodontist for periodontal [disease]" and recommended that Edkins see a dentist every three months. (*Id.* at 6, Pg. ID 125.)
>
> In January 2012, Edkins violated the terms of his supervised release and was returned to the BOP's custody. (*See* ECF #22-2 at 2, Pg. ID 88.) Edkins served the remainder of his sentence at the Federal Correctional Institution in Milan, Michigan ("Milan") from January 25, 2012 through April 23, 2013. (*See id.*)
>
> While Edkins was incarcerated at Milan, he encountered Dr. Dubois. On January 31, 2012, Dr. Dubois performed a full dental screening pursuant to BOP policy. (*See* ECF #23-1 at 4, Pg. ID 207; ECF #22-6 at 2, Pg. ID 140.) Although Dr. Dubois noted that Edkins' "oral hygiene was found to be poor," he concluded that Edkins' risk for periodontal disease was "low." (ECF #22-6 at 2-3, Pg. ID 140-41; see also ECF #22-5 at 1, Pg. ID 131.) Dr. Dubois attested that he followed the BOP's Clinical Practice Guidelines with respect to Edkins' dental care following the exam. (*See* ECF #22-6 at 3, Pg. ID 141.) Under those guidelines, "the protocol for patients with low periodontal risk is an annual exam by a general dentist and prophylaxis as needed." (*Id.*; *see also id.* at 17, Pg. ID 155.)
>
> Edkins' dental records show that he received treatment in accordance with these guidelines. For example, he received oral hygiene instruction in May and June of 2012. (*See* ECF #22-5 at 3-6, Pg. ID 133-36.) And on July 16, 2012, Edkins was given complete prophylaxis, which included "scaling and root planing of all four quadrants." (ECF #22-6 at 3, Pg. ID 142; ECF #22-5 at 7, Pg. ID 137.) Moreover, Edkins was informed that if he suffered from "any [ ] urgent dental

3

concerns," he would be permitted to "sign up for dental sick call." (ECF #22-2 at 33, Pg. ID 119.) However, there is no evidence in the record that Edkins complained to the BOP staff that he suffered from dental pain or experienced a dental emergency while he was housed at Milan. (*See* ECF #22-6 at 3, Pg. ID 141.)

On April 23, 2013, Edkins was released to a half-way house, and he completed his sentence on August 16, 2013. (*See id.*; ECF #22-2 at 2, Pg. ID 88.)

Order granting motion for summary judgment (ECF No. 35, PageID.321).

## II.  The government's motion for summary judgment

### A.  Legal standard for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support

4

> plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.  Plaintiff's claim

The FTCA provides a federal district court with jurisdiction to hear a claim for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "The FTCA does not create a cause of action against the United States." *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994). "Rather, it constitutes consent to suit and is fundamentally limited to cases in which 'a private individual [would be liable] under like circumstances.' " *Id.*, quoting 28 U.S.C. § 2674. "The FTCA . . . dictates that the federal government be liable in tort in the same manner and to the same extent that state law would impose liability on a private individual in similar circumstances." *Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996). "[S]tate law both provides the cause of action and governs the application of the FTCA's two-year statute of limitations." *Id*.

A person bringing an FTCA claim must administratively exhaust that claim.

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally

>denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).   In addition, the FTCA provides the following statute of limitations:

>A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). Here, where the alleged malpractice occurred in Michigan and affected a Michigan resident, Michigan law governs the substantive cause of action. *See Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010) ("[b]ecause the alleged act of negligence took place in Michigan, we must look to Michigan law").

### C. Discussion

Defendants have moved for summary judgment on a number of grounds. For the reasons discussed below, their motion for summary judgment should be granted because plaintiff failed to provide an affidavit of merit in support of his malpractice claim. As an initial matter, the Court will review administrative exhaustion of this claim. Plaintiff contends that he was injured while incarcerated at FCI Milan from January 25, 2012 through April 23, 2013. In his complaint, plaintiff alleged that the BOP was aware of his condition, since he was diagnosed with chronic periodontal disease at FCI Elkton. Compl. (ECF No. 1, PageID.4). Plaintiff claims to have presented an amended administrative claim to the BOP on March 20, 2014, and that the

6

"accrual period" for his claim was during his confinement at FCI Milan (January 25, 2012 thru August 16, 2013). *Id*. at PageID.6. Plaintiff later filed a copy of his amended claim sent to the BOP, which lists the "day and date of accident" as "2/2012 thru 8/2013." *See* Amended Claim (ECF No. 62-2, PageID.516).

Plaintiff stated the nature of the injury in the amended claim as follows:

> The periodontal damage to my gums is very substantial according to my dentist and his staff who conducted a comprehensive examination in May/2011 shortly after my release in March/2011. The dental staff at Milan FCI did nothing to curb the ongoing damage caused by my well documented periodontal disease. I raised this issue several times with DDS M. Scott Dubois.

*Id*. Plaintiff also provided a copy of a certified mail card showing delivery of the amended claim to a BOP office in Kansas City, Kansas on March 20, 2014. *Id*. at PageID.517.[1] There is no evidence that the BOP denied the claim. The government states in footnote 4 of its brief that "The BOP has no record of receiving either this 'amended' administrative claim or the original claim [plaintiff] asserts he presented a few weeks earlier." Government's Brief (ECF No. 58, PageID.416).

Viewing the facts in the light most favorable to plaintiff, the Court will assume that the BOP received plaintiff's amended claim on March 20, 2014 and that it has not responded to it. When an agency does not respond to a claim as required by § 2675(a), the six month limitation period of §2401(b) is tolled. *See Mack v. U.S. Postal Service*, 414 F. Supp. 504, 507-08 (E.D. Mich. 1976) (after reviewing both §§ 2401(b) and 2675(a), the court concluded that "the six-month

---

[1] The claim and certified mail card are also filed as an exhibit to defendant's brief (ECF No. 58-1, PageID.457-458).

period of § 2401(b) was tolled during the time the case was before the agency," observing that "[I]t is within the power of the agency to start the running of the six-month period at any time by sending a written notice of denial. When a claim is filed, the agency has been put on notice and it is not unreasonable that the limitation period should be tolled during the time the case is in its hands."). *See also*, *Conn v. United States*, 867 F.2d 916, 920-21 (6th Cir. 1989) (adopting the holding in *Mack* "that the six-month period within which the action must be filed is simply tolled so long as the claim is not finally denied").

In this case, plaintiff did not wait for the BOP to act. Rather, he filed the lawsuit on February 18, 2015. By taking this action, plaintiff treated the administrative claim as denied and established a constructive denial date of February 18, 2015. *See Conn*, 867 F.2d at 921 ("[T]he constructive denial of the claim does not occur until the claimant exercises the option to deem the claim to have been denied. The claimant may exercise the option at any time after the six months has expired and there has been no denial."). Accordingly, plaintiff's administrative claim has been exhausted.

Next, the Court concludes that this lawsuit should be dismissed for failing to comply with the state law regulating malpractice actions. Under Michigan law, "[t]o commence a medical malpractice action, a plaintiff must file both a complaint and an affidavit of merit" as required by M.C.L. § 600.2912d(1). *Young v. Sellers*, 254 Mich. App. 447, 451, 657 N.W.2d

555 (2002). *See* M.C.L. § 600.2912d(1) ("the plaintiff in an action alleging medical malpractice . . . shall file with the complaint an affidavit of merit signed by a health professional").[2]

M.C.L. § 600.2912d(1) sets forth specific requirements for the affidavit:

> The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
>
> (a) The applicable standard of practice or care.
>
> (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
>
> (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
>
> (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

M.C.L. § 600.2912d(1).

"The purpose of M.C.L. § 600.2912d is to deter frivolous medical malpractice claims." *Young*, 254 Mich. App. At 452. "[T]he mere tendering of a complaint without the required affidavit of merit is insufficient to commence [a medical malpractice] lawsuit." *Scarsella v. Pollak*, 461 Mich. 547, 549, 607 N.W.2d 711 (2000). For this reason, "a plaintiff who files a medical-malpractice complaint without the required affidavit is subject to a dismissal

---

[2] The Court notes that claims of dental malpractice are subject to the affidavit of merit. *See Pena v. Minguske*, No. 265986, 2007 WL 1575270 at *4 (Mich. App. May 31, 2007) ("because there is no dispute that [the defendant] was licensed as a dentist under the health code, plaintiff's claim is a medical malpractice claim as a matter of law, and MCL 600.2912d applies").

9

without prejudice." *Id*. at 551-52. While the plaintiff "can refile properly at a later date . . . such a plaintiff still must comply with the applicable period of limitation." *Id*. at 552. A contrary interpretation of the statutory scheme "would undo the Legislature's clear statement that an affidavit of merit 'shall' be filed with the complaint." *Id*.

The provisions of Michigan tort law governing malpractice cases are a matter of substantive law binding on the federal courts under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *Hamer v. County of Kent*, No. 1:13-cv-504, 2014 WL 1276563 at *10 (W.D. Mich. March 27, 2014), citing *Jones v. Correctional Medical Services, Inc.*, 845 F.Supp.2d 824 (W.D. Mich. 2012). Thus, the affidavit of merit requirement in M.C.L. § 600.2912d(1) applies to suits under the FTCA sounding in medical malpractice. *See, e.g, Van v. United States*, No. 1:10-CV-577, 2010 WL 2992385 at *2 (W.D. Mich. July 26, 2010). Here, plaintiff did not file the required affidavit of merit. Accordingly, this action should be dismissed.

The next question is whether this action should be dismissed with prejudice as barred by the statute of limitations. Under Michigan law, if an affidavit of merit is not filed with the action, the state's two-year statute of limitations is not tolled when the action is filed. *See Young*, 254 Mich. App. At 450-51. In such cases, the failure to file an affidavit of merit at all leads to dismissal with prejudice. *See Scarsella*, 461 Mich. at 553 (when plaintiff wholly omits to file the affidavit required by M.C.L. § 600.2912d(1), "the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation").

The government takes the position that plaintiff's malpractice claim accrued while he was at FCI Elkton sometime before November 2010, and that his claim is barred because he

did not present an administrative claim until March 20, 2014, more than two years later. Government's Reply (ECF No. 63, PageID.595). *See United States v. Kubrick*, 444 U.S. 111, 113 (1979) ("[u]nder the Federal Tort Claims Act (Act), 28 U.S.C. § 2401(b), a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'") (footnote omitted). "Although the FTCA does not define when a claim 'accrues,' the Supreme Court has held that a plaintiff's medical-malpractice claim accrues when he 'knows both the existence and the cause of his injury.'" *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013) (quoting *Kubrick*, 444 U.S. at 113).

The record reflects that plaintiff knew he had periodontal disease while incarcerated at FCI Elkton from 2009 to 2011. While on supervised release (March 2011 to January 2012), plaintiff sought treatment for this disease from a private dentist. Plaintiff's present claim involves alleged malpractice for lack of treatment for this disease by dental staff at FCI Milan from 2012 to 2013. Based on this record, the Court concludes that plaintiff's present claim for alleged lack of treatment for periodontal disease at FCI Milan accrued while he was incarcerated at that facility.

While plaintiff's malpractice action was timely when filed, it should be dismissed with prejudice because his original complaint was "ineffective" under Michigan law, *see Scarsella*, 461 Mich. at 553, the statute of limitations has expired, and he has no time to obtain an affidavit of merit and re-file this action. As discussed, 28 U.S.C. § 2401(b) states that a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to

which it was presented." At the very latest, plaintiff's claim accrued on August 16, 2013, his last day at FCI Milan. Using that date, plaintiff needed to file his complaint within two years, or by August 16, 2015. Because plaintiff did not file an affidavit of merit with his complaint, the statute of limitations for his malpractice claim continued to run after he filed the complaint, and expired on August 16, 2015. *See Huffman*, 82 F.3d at 705; *Scarsella*, 461 Mich. at 553; *Young*, 254 Mich. App. at 451. Arguably, plaintiff had a slightly longer time to file the affidavit of merit under the six month window of 28 U.S.C. § 2401(b). As discussed, plaintiff filed his complaint on February 18, 2015, establishing that as the date on which his administrative claim was constructively denied. Using that as the "final denial" date under § 2401(b), plaintiff could have re-filed his complaint with an affidavit of merit on or before August 18, 2015. In short, even if plaintiff re-filed this malpractice action with an affidavit of merit today, his action would be barred by the statute of limitations, which expired over 2½ years ago. Accordingly, the government's motion for summary judgment should be granted.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that the government's motion for summary judgment (ECF No. 57) be **GRANTED** and this action be **TERMINATED**.

Dated:  March 1, 2018                         /s/ Ray Kent
                                              United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).